IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. G. NEIL GARRETT, DDS, PC, | § § | |
| Plaintiff, | § § | |
| v. | § § | No. _____ |
| SHARPS COMPLIANCE, INC., and JOHN DOES 1-10, | § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § | |

**DEFENDANT'S NOTICE OF REMOVAL**

1.     Defendant Sharps Compliance, Inc. ("Sharps" or "Defendant"), under 28 U.S.C. §§ 1441 and 1446 and expressly reserving all rights otherwise to respond to this lawsuit, removes the action filed under No. 10CH22172 in the Circuit Court of Cook County, Illinois, Illinois County Department, Chancery Division to the United States District Court for the Northern District of Illinois, Eastern Division as an action that originally might have been brought in federal court because it primarily raises a federal question.

2.     On or about May 24, 2010, Plaintiff Dr. G. Neil Garrett, DDS, PC filed a Complaint in the Circuit Court of Cook County, Illinois, styled *Dr. G. Neil Garrett, DDS, PC v. Sharps Compliance, Inc. and John Does 1-10*, Circuit Court of Cook County, Illinois, Chancery Division, Civil Action File No. 10CH22172 (the "State Court Action").

3.     Defendant received service of the Summons and Complaint in action No. 10CH22172 on June 1, 2010.  A true and correct copy of the Summons and Complaint in the civil action is attached hereto as Exhibit "A."  To the best of Defendant's knowledge, Exhibit A constitutes all process, pleadings, and orders which have been filed in said case to date with the addition of a motion for class certification made by the Plaintiff.

## Federal Question Jurisdiction

4.      Federal question jurisdiction exists under 28 U.S.C. § 1331 because the Complaint alleges a cause of action arising under a federal statute. The Complaint in the State Court Action contains three counts which are all based on Defendant's alleged transmittal of an unsolicited advertisement via facsimile. Count I purports to state a claim that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) (the "TCPA"). The TCPA is a federal statute. Count II purports to state a claim that the Defendant violated the Illinois Consumer Fraud Act, 815 ILCS 525/2. Count III alleges that Defendant converted Plaintiff's ink or toner and paper as a result of the alleged unsolicited faxes. Plaintiff seeks to bring all counts as a class action.

5.      This Court has original federal question subject matter jurisdiction over Count I of the State Court Action under 28 U.S.C. § 1331 because Plaintiff asserts a claim under the TCPA, which is a federal statute arising under the laws of the United States. The alleged violation of the TCPA is an integral element of Plaintiff's claim for relief.

6.      The Seventh Circuit has expressly held that TCPA claims are properly removed from state court to this Court. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005) (reversing remand order and holding that "removal of [TCPA claims] is authorized ...by § 1441 because the claim arises under federal law"); *see also G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, No. 06 C 949, 2006 WL 1132386, at *3 (N.D. Ill. Apr. 19, 2006) ("*Brill*...clearly stands for the notion that federal courts have 'arising under' jurisdiction over TCPA claims pursuant to 28 U.S.C. § 1331, and that such claims are thus removable under 28 U.S.C. § 1441.").

7.      This Court also has supplemental jurisdiction over Counts II and III pursuant to 28 U.S.C. § 1367 because the claims arise our of the same case or controversy as Count I.

8.      Defendant seeks removal of all federal question claims brought by Plaintiff under 28 U.S.C. § 1331 and all remaining claims pursuant to 28 U.S.C. §§ 1367, 1441(a)-(c), and 1446 and to the extent applicable, 28 U.S.C. § 1453(b) (allowing removal of a class action to the extent that Plaintiff's action purports to be a class action). *See Brill*, 427 F.3d 466.

9.      This action therefore may be removed to this Court pursuant to 28 U.S.C. § 1441 without regard to the citizenship of the parties or the amount in controversy. [1]

10.     Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States Court for the District corresponding to the place where the state court action was pending.

### Additional Procedural Matters

11.     Defendant has filed this Notice of Removal within thirty (30) days of service on any defendant of a copy of Plaintiff's Complaint and, therefore, this Notice of Removal has been timely filed pursuant to the provisions of 28 U.S.C. § 1446(b). There have been no actions or proceedings by Defendant in state court prior to this Notice of Removal.

12.     Upon filing this Notice of Removal, Defendant will provide written notification to plaintiffs and will file a Notice of Removal to Federal Court by Defendant Sharps Compliance, Inc. ("State Court Notice") attaching a copy of this Notice of Removal, with the Clerk of the Court for Cook County, Illinois. A copy of the State Court Notice accompanies this Notice of Removal at Exhibit "B."

---

[1] Removal jurisdiction also likely exists based on diversity jurisdiction under the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d); 28 U.S.C. § 1453(b) (authorizing removal of class actions). CAFA requires only minimal diversity of citizenship, which is established because Plaintiff is a citizen of Illinois, while Sharps is a citizen of Texas and Delaware. CAFA also requires at least 100 class members and allegations of at least $5,000,000 in total damages. While Sharps anticipates that Plaintiff is likely contemplating a class size and damages of this magnitude, it is not currently apparent from the face of the Complaint on file. Sharps hereby reserves any and all rights to remove this case based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1453 if and when such grounds become evident and are available.

13.     Defendant expressly reserves each and every defense available to the allegations contained in the Complaint, including, without limitation, that no personal jurisdiction exists over the Defendant.

WHEREFORE, Defendant hereby removes this action to the United States District Court For The Northern District Of Illinois.  Defendant will provide notification to the Circuit Court of Cook County, Illinois, Chancery Division of the removal.  Further, Defendant hereby DEMANDS that this matter be tried in front of a jury.

Date:  June 29, 2010

Respectfully submitted,


/S/Jeffery M. Cross
Jeffery M. Cross

FREEBORN & PETERS L.L.P.
311 South Wacker Drive, Suite 3000
Chicago, Illinois  60606
Telephone:  (312) 360-6430
Telecopier:  (312) 360-6994
jcross@freebornpeters.com


Darryl W. Anderson
Mary Beth Balhoff

FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Telecopier:  (713) 651-5246
danderson@fulbright.com

Attorneys for Defendant Sharps Compliance, Inc.

4

## CERTIFICATE OF SERVICE

I certify that the foregoing has been served upon counsel of record as shown below on

this 29th day of June, 2010:

Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(By CM/RRR)

/S/Marc Kallish
Marc Kallish

2098372v1/27582-0001

5