UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. G. NEIL GARRETT, D.D.S., P.C., )<br>)<br>Plaintiff, )<br>)<br>) <br>v. )<br>)<br>SHARPS COMPLIANCE, INC., et al., )<br>)<br>Defendant. ) | No. 10 C 4030<br><br>Senior U. S. District Court Judge<br>George W. Lindberg |

**MEMORANDUM OPINION AND ORDER**

On May 24, 2010, plaintiff, Dr. G. Neil Garrett, D.D.S., P.C., filed a complaint against, defendant, Sharps Compliance, Inc., in the Circuit Court of Cook County, Illinois. The complaint alleged claims for violation of the Telephone Consumer Protection Act ("TCPA") (count I), violation of the Illinois Consumer Fraud Act (count II), and conversion (count III). The action was removed to federal court by defendant. Defendant then moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has nonsuited counts II and III of the complaint, so this court need only consider defendant's motion to dismiss count I.

A complaint is only required to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim.'" *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema* N.A., 534 U.S. 506, 514 (2002)). A complaint need only state a claim and provide a defendant with sufficient notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

10 C 4030

When considering a motion to dismiss, this court assumes to be true all well-pleaded allegations and views the alleged facts, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). The allegations of a complaint, however, must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F. 3d 773, 776-777 (7th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic*, 550 U.S. at 555). The court has excluded all matters outside of the complaint, including the exhibits defendant attached to its motion. See Fed. R. Civ. P. 12(d).

Plaintiff states that defendant violated the TCPA, which provides a private right of action for the unlawful "use [of] any telephone facsimile machine . . . to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. §227(b)(1)(C), (b)(3). The TCPA includes exceptions to the unsolicited-advertisement-fax prohibition for parties that have an established business relationship, *id*. at §227(b)(1)(C)(i), and for recipients who voluntarily agree to make their fax machine numbers available for distribution, *id*. at §227(b)(1)(C)(ii)(I)-(II).

The relevant allegations of the complaint may be summarized succinctly: on March 23, 2010, plaintiff received an unsolicited fax advertising defendant Sharps' products; plaintiff did not have a prior relationship with defendant; and plaintiff had not authorized defendant to fax the advertisement.

Taking all allegations as true, and reading them in plaintiff's favor, the complaint

10 C 4030

sufficiently states a claim under the TCPA. Plaintiff has given defendant fair notice of the claim, and the grounds on which the claim is based. Defendant's argument that it had a preexisting business relationship with plaintiff is based on matters outside of the complaint, which the court has excluded. See Fed. R. Civ. P. 12(d). As there are no specific allegations of claims as to the John Doe defendants, the court is dismissing them *sua sponte*.

ORDERED: Defendant, Sharps Compliance, Inc.'s, motion to dismiss for failure to state a claim under Federal Rule 12(b)(6) [12] is denied. The court, *sua sponte*, dismisses defendants John Does 1-10.

ENTER:

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

Dated: October 14, 2010