UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. G. NEIL GARRETT, DDS, PC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 10 C 04030 |
| v. ) | |
| ) | Judge Morton Denlow |
| SHARPS COMPLIANCE, INC., ) | |
| and JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AGREEMENT AND NOTICE TO THE CLASS**

Plaintiff Dr. G. Neil Garrett, DDS, PC respectfully requests that the Court enter an order: (i) certifying a class for settlement purposes; (ii) granting preliminary approval of the Class Settlement Agreement; (iii) appointing Dr. G. Neil Garrett, DDS, PC as Class Representative and Edelman, Combs, Latturner & Goodwin, LLC ("ECLG") as Class Counsel; and (iv) approving the proposed notice for distribution to the settlement class. In support of this motion, Plaintiff states as follows:

1. Plaintiff filed a class action lawsuit against Defendant Sharps Compliance, Inc. (Defendant") alleging that it violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and state law.

2. Counsel for Plaintiff and Defendant have reviewed and analyzed the legal and factual issues presented in the Litigation, the risks and expense involved in pursuing the Litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the Litigation, the likelihood, costs and possible

1

outcomes of one or more procedural and substantive appeals and the potential difficulties associated with collecting a judgment if one were secured. Based upon their respective review and analysis, and after arms-length, good faith negotiations which included a settlement conference with this Court, the Parties have entered into the Agreement, attached hereto as Exhibit A.

3. In summary, the Parties desire to settle and compromise the Litigation on the terms and conditions embodied in the Agreement and agree as follows:

a. Class Certification. The parties agree to the certification of a class for settlement purposes only, consisting of:

> All persons and entities throughout the United States who during the period from May 24, 2006 through June 20, 2011 were sent facsimile advertisements by or on behalf of Sharps Compliance, Inc. promoting its goods or services for sale.

The class as defined above includes no more than 58,200 persons and entities who were each sent one or more faxes during the relevant period.

b. Relief to Plaintiff and the Class.

(1) Defendant Sharps agrees to pay $350,000.00 to settle the claims of Plaintiff and the Class. Each Class Member who does not exclude himself, herself or itself and who timely and properly returns a participation form, will receive a *pro rata* share of the class recovery up to $550.00, after deductions are made for: (i) payment to the Plaintiff in the amount of $6,250.00, (ii) attorney's fees of $105,000.00, and (iii) costs of notice and settlement administration.

(2) Plaintiff's counsel shall receive, subject to Court approval, attorney's fees and costs in an amount not to exceed $105,000.00, plus the costs of notice and

administration of the settlement fund. Defendant agrees not to oppose such a request.

      (3) Plaintiff shall receive, subject to Court approval, an award of $6,250.00 which will provide an incentive award for its services as Class Representative. This amount shall be in addition to any amount Plaintiff may recover as a Class Member.

    c. <u>Class Notice</u>. Within 30 days of the Court's preliminary approval of the Agreement, plaintiff will give or cause to be given notice of the settlement in the form attached as <u>Exhibit B,</u> by U.S. Mail First Class to all persons and entities that comprise the Settlement Class. Class Counsel agrees that it shall also post the full form of notice on its website, [www.edcombs.com](http://www.edcombs.com). Class Counsel anticipates that costs associated with delivery of notice to the settlement class and administration of the settlement fund will be $35,000-$40,000.00.

    d. <u>Class Members' Right to Opt Out</u>. Any Class Member may seek to be excluded from the Agreement and the Litigation by opting out of the Class within the time period set by this Court. Any member who opts out of the Class shall not be bound by any prior Court order or the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement.

    e. <u>Claim Form</u>. In order to the receive consideration provided under the settlement, each Class Member must timely return a claim form which will be provided with the Notice.

    4. Federal Rule of Civil Procedure 23(a) makes class certification appropriate in cases where:

    (1) The class is so numerous that joinder of all members is impracticable,

(2) There are questions of fact or law common to the class,

(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) The representative parties will fairly and adequately protect the interest of the class.

Further, Federal Rule of Civil Procedure 23(b)(3) provides that a class action is maintainable if the above prerequisites have been met and:

> **the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.**

As demonstrated herein, each of the requirements for class certification is met.

5. <u>Rule 23(a)(1) -- Numerosity</u>. Fed. R. Civ. P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is about 10-40. <u>Kulins v. Malco</u>, 121 Ill. App. 3d 520, 530, 459 N.E.2d 1038 (1st Dist. 1984) (19 and 47 sufficient); <u>Swanson v. American Consumer Industries</u>, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); <u>Cypress v. Newport News General & Nonsectarian Hosp. Ass'n</u>, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); <u>Riordan v. Smith Barney</u>, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (10-29 sufficient); <u>Sala v. National R. Pass. Corp.</u>, 120 F.R.D. 494, 497 (E.D. Pa. 1988) (40-50 sufficient); <u>Scholes v. Stone, McGuire & Benjamin</u>, 143 F.R.D. 181, 184 (N.D. Ill. 1992) (72 class members).

In this Litigation, Defendants have estimated that facsimiles were sent to

4

approximately 58,200 telephone numbers on at least one occasion. This plainly satisfies the numerosity requirement.

    6. <u>Rule 23(a)(2) -- Commonality; and Rule 23(b)(3)- Common Questions of Law or Fact Predominate</u>. Fed. R. Civ. P. 23(a)(2) requires that there be a common question of law <u>or</u> fact. Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. The commonality requirement is satisfied if there are common questions linking the class members that are substantially related to the outcome of the litigation. <u>Blackie v. Barrack</u>, 524 F.2d 891, 910 (9th Cir. 1975). Common questions predominate if classwide adjudication of the common issues will significantly advance the adjudication of the merits of all class members' claims. <u>McClendon v. Continental Group, Inc.</u>, 113 F.R.D. 39, 43-44 (D.N.J. 1986); <u>Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 114 F.R.D. 48, 52 (S.D.N.Y. 1987); <u>Spicer v. Chicago Board Options Exchange</u>, CCH Fed.Sec.L.Rptr. [1989-90 Transfer Binder] ¶94,943, at p. 95,254 (N.D. Ill. 1990); <u>Alexander Grant & Co. v. McAlister</u>, 116 F.R.D. 583, 590 (S.D. Ohio 1987). Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." <u>Franklin v. City of Chicago</u>, 102 F.R.D. 944, 949 (N.D.Ill. 1984); <u>Patrykus v. Gomilla</u>, 121 F.R.D. 357, 361 (N.D. Ill. 1988).

    Here, there are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. The predominant common questions include:

    (1) Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

  (2)  Whether Defendants thereby violated the TCPA and/or state law; and

  (3)  The manner in which Defendants compiled or obtained its list of fax numbers.

The Settlement Class is defined by Plaintiff in terms of all persons and entities throughout the United States who the period from May 24, 2006 through June 20, 2011 were sent facsimile advertisements by or on behalf of Sharps Compliance, Inc., promoting its goods or services for sale. Numerous courts have certified class actions under the TCPA. CE Design Ltd. v. Cy's Crabhouse North, Inc., 07 C 5456, 2009 U.S. Dist. LEXIS 67323 (N.D. Ill. July 27, 2009); Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. Oct. 31, 2006); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Transportation Institute v. Promo Dart, Inc., No. 06-2-03460-1 (King Co. Sup. Ct. Wash., Nov. 14, 2006); Kavu, Inc. v. Omnipak Corporation, 246 F.R.D. 642 (W.D. Wash. 2007); Gortho, Ltd., v. Websolv, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); Rawson v. C.P. Partners LLC, 03 CH 15165 (Cook Co. Cir. Ct.); Telecommunications Design Network v. McLeodUSA, Inc., 03 CH 8477 (Cook Co. Cir. Ct.); CE Design v. The Trade Show Network Marketing Group, Inc., No. 03 CH K 964 (Cir. Ct. Kane Co., Dec. 2, 2004); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct.); Bogot v. Olympic Funding Chicago, No. 03 CH 11887 (Cook Co. Cir. Ct.); Rawson, et. al., v. Robin Levin d/b/a The Ridgewood Organization, 03 CH 10844 (Cook Co. Cir. Ct.) (for settlement purposes); Kerschner, et. al., v. Answer Illinois, Inc., 03 CH 21621 (Cook Co. Cir. Ct.) (for settlement purposes); Kerschner, et.

al., v. Murray and Trettel, Inc., 03 CH 21621 (Cook Co. Cir. Ct.) (for settlement purposes); Prints of Peace, Inc., d/b/a Printers, Inc. v. Enovation Graphic System, Inc., 03 CH 15167 (Cook Co. Cir. Ct.) (for settlement purposes); Law Office of Martha J. White, P.C. v. Morrissey Agency Inc., 03 CH 13549 (Cook Co. Cir. Ct.) (for settlement purposes); Kerschner, et. al., v. Fitness Image, Inc., Rommey Abdallah, and Bottom Line Sales Systems, Inc., 04 CH 00331 (Cook Co. Cir. Ct.) (for settlement purposes); INSPE Associates, Ltd., et al. v. Charter One Bank, 03 CH 10965 (Cook Co. Cir. Ct.) (for settlement purposes); Bernstein v. New Century Mortgage Corp., 02 CH 06907 (Cook Co. Cir. Ct.) (for settlement purposes); Gans v Seventeen Motors, Inc., No. 01-L-478 (Ill.Cir. Ct.) (for settlement purposes); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class action); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002) (same); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003) (same); Biggerstaff v. Ramada Inn and Coliseum, 98-CP-10-004722, (S.C. C.P., Feb. 3, 2000) (same); Biggerstaff v. Marriott International, Inc., 99-CP-10-001366, (C.P. S.C., Feb 20, 2000) (same); Gold Seal v. PrimeTV, No. 49C01-0112-CP-3010 (Marion County, Indiana, August 29, 2002)(same); Jemiola v. XYZ Corp., No. 411237 (C.P. Ohio, Dec. 21, 2001)(same); Salpietro v. Resort Exchange International, No. GD00-9071 (Allegheny Co. C.P.)(same); WPS, Inc. v. Lobel Financial, Inc., No 01CP402029 (C.P. S.C., Oct. 15, 2001) (same); Kenro, Inc. v. APO Health, Inc., No. 49D12-0101-CP-000016 (Ind. Nov. 3, 2001) (same); Syrett v. Allstate Ins. Co., No. CP-02-32-0751 (S.C.C.P. Aug. 12, 2003) (same); Lipscomb v Wal-Mart Stores, Inc., No. 01-CP-20-263 (S.C.C.P. June 26, 2003) (same); Battery, Inc. v. United Parcel Service, Inc., No. 01-CP-10-2862 July 26, 2002) (same); Chaturvedi v. JTH Tax, Inc., No. CD-01-008851 (Pa. C.P. Oct 1, 2001) (same);

Dubsky v Advanced Cellular Communications, Inc., No. 2004 WL 503757 (Ohio C.P. Feb. 24, 2004) (same); Inhance Corp. v. Discount Vacation Rentals, No. LALA 004377 (Iowa Dist. Jan. 5, 2001) (same); Inhance Corp. v. Special T Travel Services, Inc., No. LALA 004362 (Iowa Dist. Dec. 8, 2000) (same); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action). Several others were certified in a Louisiana federal court, against Kappa Publishing Group, Monroe Systems, and Satellink Paging (The Advocate, Capital City Press, Dec. 28, 2005, p. 1).

7. Rule 23(a)(3) – Typicality. Rule 23 requires that the claims of the named plaintiff be typical of the claims of the class:

> A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

In the instant case, typicality is inherent in the class definition. By definition, each of the Class Members is claimed to have been subjected to the same alleged practice as the named Plaintiff, namely they are each persons or entities with facsimile telephone numbers who, during the class period, were sent faxes by or on behalf of Sharps Compliance, Inc., promoting its goods or services for sale.

8. Rule 23(a)(4) -- Adequacy of Representation. The adequacy of representation requirement involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th

Cir. 1992).

Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Counsel's qualifications are set forth in Exhibit C. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

9. Rule 23(b)(3) -- Class Action Is Superior to Other Available Methods of Resolving This Controversy. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims is small because generally the class members are unaware of their rights and have damages such that it is not feasible for them to bring individual actions. "[O]ne of the primary functions of the class suit is to provide a device for vindicating claims which, taken individually, are too small to justify legal action but which are of significant size if taken as a group." Brady v. LAC, Inc., 72 F.R.D. 22, 28 (S.D.N.Y. 1976).

The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> **A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .**

In re Folding Carton Antitrust Litigation, 75 F.R.D. 727, 732 (N.D. Ill. 1977) (citations omitted).

Another court has noted:

> **Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller, and Kane have discussed in analyzing**

9

> consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see, e.g., <u>Phillips Petroleum Co. v. Shutts</u>, 472 U.S. 797, 809 (1985) ('Class actions . . . may permit the plaintiffs to pool claims which would be uneconomical to litigate individually.'). The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.

<u>Lake v. First Nationwide Bank</u>, 156 F.R.D. 615, 625 (E.D. Pa. 1994).

10. Counsel for Plaintiff and the proposed Class believe that the settlement of this action on the terms and conditions set forth in the Agreement is fair, reasonable, and adequate, and would be in the best interest of the class members.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order in the form of <u>Exhibit D</u>, which (i) grants preliminary approval of the proposed settlement, (ii) appoints Dr. G. Neil Garrett, DDS, PC as Class Representative and Edelman, Combs, Latturner & Goodwin, LLC ("ECLG") as Class Counsel; (iii) directs mailing of notice, in the form of <u>Exhibit B</u> and (iv) sets dates for opt-outs, objections, and schedules a hearing for final approval under Fed. R. Civ. P. 23(e)(2).

        Respectfully submitted,

        /s/ Dulijaza Clark
        Dulijaza Clark

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800, Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

  I, Dulijaza Clark, certify that on October 20, 2011 I had a copy of the foregoing document filed with the court via CM/ECF, which caused it to be sent to:

Jeffery Moore Cross
Freeborn & Peters
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
(312)360-6000
Email: jcross@freebornpeters.com

                      /s/ Dulijaza Clark
                      Dulijaza Clark

Daniel A. Edelman
Cathleen M. Combs
Dulijaza (Julie) Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)