# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DR. G. NEIL GARRETT, DDS, PC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 10 C 04030 |
| v. | ) | |
| | ) | Judge Morton Denlow |
| SHARPS COMPLIANCE, INC., | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**CLASS SETTLEMENT AGREEMENT**

1.      **Parties.**  Plaintiff Dr. G. Neil Garrett, DDS, PC ("Plaintiff") individually and as representative of the Settlement Class of persons defined below in Paragraph 8 and Defendant Sharps Compliance, Inc. ("Sharps" or "Defendant") (Plaintiff and Defendant collectively, the "Parties") enter into this Settlement Agreement ("Agreement").  It is expressly understood and agreed that the Released Parties (as defined herein below) are intended third party beneficiaries of this Agreement.

2.      **Nature of litigation.**   In this lawsuit (the "Action"), Plaintiff alleges that Defendant Sharps Compliance, Inc. violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and state law by causing unsolicited facsimile advertisements to be transmitted to a nationwide class of individuals and entities.

3.      **No Admission of Liability.**  Defendant has denied, and continues to deny, that it committed or attempted to commit any violations of law or breached any duty of any kind.  By entering into this agreement Defendant does not admit that it is liable to Plaintiff and the Settlement Class.  Defendant enters into this Agreement solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims, known or unknown, that have been

1

or might have been asserted by the Plaintiff or the Settlement Class against Defendant and its parent(s) and affiliated entities concerning the matters alleged in the Class Action Complaint. Neither the Agreement nor any of its terms constitute an admission or finding of any wrongful conduct, acts, or omissions.

4.      Plaintiff, individually and on behalf of the Settlement Class, believing that Sharps Compliance, Inc. violated the TCPA and would be found liable, desires to settle its claims against Defendant, having taken into account through Plaintiff's counsel, the risks, delay, and difficulties involved in establishing a right to recovery and the ability to in fact recover, in excess of that offered by this settlement and the likelihood that further litigation will be protracted and expensive.

5.      Plaintiff's counsel has investigated the facts and the applicable law.  Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the class to enter into this Agreement.

6.      In consideration of the foregoing and other valuable consideration as set forth herein, Plaintiff and Defendant agree to settle the claims of the Plaintiff and the Settlement Class, subject to the Court's approval, under the terms and conditions set forth herein.

7.      **Effective Date.**   This Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of all of the following:  (1) the Court's entry of a final order substantially in the form of Exhibit 3 to this Agreement (the "Final Order"), approving this Agreement as fair, reasonable, and adequate to the Settlement Class; finding that this Agreement is fair and made in good faith; finally certifying the Settlement Class; and dismissing the claims of Plaintiff and the class members against Defendant with prejudice; and (2) (a) the expiration of five (5) days from the time that the final approval order becomes a final, non-appealable order, or

(b) if an appeal has been sought, the expiration of five (5) days after the disposition of any such appeal from any such final order, judgment, and decree, which disposition (i) approves the Court's final order, judgment and decree, and the terms and provisions of this Agreement, (ii) orders the consummation of the settlement in accordance with the terms and provisions of this Agreement and (iii) is not subject to further appellate review nor remands the case to the trial court.

8. **Certification of Settlement Class**. Solely for the purposes of settlement, the parties stipulate to the certification of the following class (the "Settlement Class"), which is defined as:

> All persons and entities throughout the United States who during the period from May 24, 2006 through June 20, 2011 were sent facsimile advertisements by or on behalf of Sharps Compliance, Inc., promoting its goods or services for sale.

"Class Member," as used herein, shall mean a member of the Settlement Class. For settlement purposes only, the Parties agree that, as part of the Preliminary Approval Order the Court may make preliminary findings and enter an order granting provisional certification of the Settlement Class subject to final findings and certification in the Final Order, and appointing both Plaintiff and Class Counsel as representatives of the Settlement Class. For settlement purposes only, the Settlement Class is certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. If this Agreement is not approved by the Court or is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by any court of competent jurisdiction, (a) the order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement Class shall be automatically vacated upon notice to the Court of this Agreement's termination or disapproval; (b) this Action will proceed as though the Settlement Class had never been certified and any related findings or stipulations had never been

made; and (c) Sharps Compliance, Inc. reserves all procedural or substantive rights as of the date immediately prior to the execution of the Settlement Checklist/Term Sheet dated June 20, 2011, and executed by the Parties.  The Parties agree that subject to Court approval, Edelman Combs Latturner & Goodwin, LLC ("Class Counsel") shall be appointed Class Counsel.  Upon appointment by the Court, Edelman Combs Latturner & Goodwin, LLC and its attorneys appearing in this case, agree to perform the tasks to be performed by Class Counsel as set forth herein, as ordered by the Court or as necessary for the benefit of the Settlement Class.

9.      The Parties estimate, based on their review of records, that the Settlement Class is comprised of no more than 58,200 individuals or entities to whom Defendant caused to be sent a facsimile advertisement during the relevant time period of May 24, 2006 through June 20, 2011.

10.     **Relief to Plaintiff and the Settlement Class.**  Defendant or its parent or affiliated entities shall pay the sum of $350,000.00 to a settlement fund (the "Settlement Fund") which, upon transfer of the Settlement Fund to Class Counsel as provided for in paragraph 13 herein, Class Counsel or its agent agrees to hold in trust for the benefit of the Settlement Class.  Upon payment of the $350,000.00 into the Settlement Fund and the turnover of the Settlement Fund to Class Counsel, Defendant shall have no further cash payment obligation to the Settlement Class.

11.     **Distribution of Settlement Fund.**  The Settlement Fund shall be used to provide the following relief to Plaintiff and the Settlement Class, subject to the Court's approval:

a.      $6,250.00 of the Settlement Fund shall be paid to Dr. G. Neil Garrett, DDS, PC as an incentive award in recognition of its services as Class Representative;

b.      counsel for Plaintiff and the Settlement Class, Edelman, Combs, Latturner & Goodwin, LLC, shall request, and Defendant will not oppose, 30% of the Settlement Fund as payment for attorney fees and expenses;

     c.      payment of costs related to providing notice to the Settlement Class and delivery of settlement payments to the Settlement Class and class administration; and

     d.      each Class Member who timely submits a valid and completed claim form will receive a check for its pro rata share of the Settlement Fund after the amounts set forth in paragraphs 11(a) and 11(b) and 21 are paid. Payments to Settlement Class Members shall not exceed $550.00 per fax number.

12.     In addition to the cash payment being provided to Class Members submitting valid claims, Defendant agrees to provide all Class Members with a discount of 10% off of a purchase of Sharps Compliance, Inc.'s goods or services for a period of 6 (six) months after delivery of the Class Notice.  Upon approval by the Court in the Preliminary Approval Order, notification to the Class Members concerning the availability of the discount offer shall be made via the Mailed Class Notice and Notice posted on Class Counsel's website.  Plaintiff and Class Counsel shall have no liability for any claims made in connection with the discount offered.

In addition to notifying the Class Members concerning the availability of the discount offer via the Mailed Class Notice and on Class Counsel's website, Plaintiff agrees that a coupon (no larger than one standard letter-sized page) may be included as an insert for delivery with Class Member payments to those Class Members receiving payments under the  Settlement. **[Julie to obtain cost estimates]**.

Plaintiff and Plaintiff's Counsel do not express any opinion regarding the value of Defendant's coupons to the Class Members.

13.     **Delivery of Settlement Fund.** Defendant shall transfer to its counsel,  Freeborn & Peters LLP, to be held in its Client Trust Account in trust for the Settlement Class, the Settlement Fund of $350,000.00 at least five (5) business days in advance of the date set for the Final Approval Hearing.  No later than five (5) business days following entry of an Order

granting Final Approval to the Settlement Agreement, Defendant shall cause the Settlement Fund to be transferred to Class Counsel. Class Counsel shall hold the Settlement Fund in its client trust account in trust for the Settlement Class and shall distribute it only as permitted in this Agreement and as approved by the Court.

14. Each Class Member shall be required to submit a claim form ("Claim Form") affirming that the Class Member received a facsimile advertisement from Sharps Compliance during the time period of May 24, 2006 through June 20, 2011, and that the Class Member qualifies as a member of the Settlement Class. The "Claim Bar Date," or the date by which Settlement Class members must submit the Claim Form, shall not be less than 60 days after the date Class Counsel causes notice to be issued to the Settlement Class members as provided in the Preliminary Approval Order.

15. Any Class Member who fails to submit a valid Claim Form by the Claim Bar Date shall be forever barred from receiving any payment pursuant to this Agreement, but shall in all other respects be bound by all of the terms of this Agreement including the terms of the Final Order to be entered in the Action and the releases provided for herein and therein, and will be barred from bringing any action against the Released Parties (as defined herein) concerning the Settled Claims (as defined herein). Provided that the Claim Form is received before distribution of the Settlement Fund, a Claim Form shall be deemed to have been submitted when posted, if received with a postmark indicating it was transmitted on or before the Claim Bar Date and if it is mailed and addressed in accordance with the instructions for submitting a Claim Form. In all other cases, the Claim Form shall be deemed to have been submitted when actually received by Class Counsel.

16.     Class Counsel shall review all Claim Forms submitted by Class Members.  If the Claim Form appears to be fraudulent, Class Counsel shall notify the claimant by mail that the Claim Form has been rejected and stating the reasons therefore and advise the claimant that he/she/it may provide additional information and ultimately appeal the claim denial to the Court. If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) days of receiving notice, serve upon Class Counsel a notice of statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot otherwise be resolved, Class Counsel or the claimant may thereafter present the request for review to the Court.

17.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Class Member and the validity and amount of the claimant's claim.  No discovery shall be allowed on the merits of the Action or Settlement in connection with processing the Claim Forms.  All proceedings with respect to the administration, processing and determination of claims described in this Agreement and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of this Court.

18.     Payment pursuant to this Agreement shall be deemed final and conclusive against all Class Members.  All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Settlement Fund, but otherwise shall be bound by all of the terms of this Agreement, including the terms of the Final Order to be entered in the

Action and the releases provided for therein and herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims.

19.     **Right to Opt Out.**  Class Members shall have the right to opt out of or exclude themselves from the Settlement Class by faxing or mailing a request for exclusion to Class Counsel within the time period and in the manner set forth by the Court in the Preliminary Approval Order.

20.     **Defendant's Right to Rescind Agreement.**  In the event that 5% or more of the total number of persons and entities comprising the Settlement Class submit valid and timely requests to opt out or exclude themselves from the settlement, Defendant shall have the right at its sole discretion to rescind this Agreement.  Defendant's right to rescind as set forth in this paragraph must be exercised within 30 days after the date established by the Court or any extension thereof, for the submission of opt outs or exclusion requests by Settlement Class members.  Defendant shall exercise its right to rescind by filing a notice of its exercise of its right to rescind with the Clerk of the Court.

21.     Costs associated with notice, claims administration and distribution of settlement checks shall come from the Settlement Fund.  Class Counsel shall ensure all costs of notice and claims administration are reasonable.

22.     The settlement checks to be issued to the Class Members filing valid claims will be void after 90 days from the date of issuance.

23.     ***Cy Pres* Payment.**  Any amounts remaining in the Settlement Fund following the last void date of the checks issued to Class Members with valid claims, including any uncashed checks or undistributed funds, shall be designated as a *cy pres* award.  Such funds will be returned by Class Counsel to Defendant within 30 days of the last void date of the Settlement

Class members' settlement checks. Subject to Court approval, any such funds will be donated to the Loyola University Chicago Institute for Consumer Antitrust Studies as a *cy pres* award.

24.     **Release.**  Plaintiff and the Class Members grant the following releases:

a.      Upon the Effective Date, Plaintiff, Dr. G. Neil Garrett, DDS, PC, and all Class Members who do not validly opt out of the settlement, including each and every one of their respective past, present or future officers, members, shareholders, partners, employees, agents, representatives, attorneys (including but not limited to counsel for  Dr. G. Neil Garrett, DDS, PC), heirs, beneficiaries, assigns, or any other person acting on their behalf or for their benefit, or any person claiming through them (collectively "Releasors"), hereby fully release and discharge:  (1) Sharps Compliance, Inc. as well as its predecessors and successors in interest and present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, employees, shareholders, members and partners (with all the foregoing released parties in this paragraph being collectively referred to as the "Released Parties"), from any and all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which Releasors, now have, did have, or may have in the future against the Released Parties, or any of them, arising from or related to the sending of faxes by or on behalf of the Released Parties during the period from and including May 24, 2006 through June 20, 2011, containing advertisements promoting Sharps Compliance, Inc. goods or services.  Without limiting the generality of the foregoing, Releasors release the Released Parties of all claims that were made or that could have been made in the Action (the "Settled Claims").

b.      This Agreement may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to the claims released herein.

25.     If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

26.     **Attorneys' Fees, Notice Costs and Related Matters.**   Class Counsel shall administer the settlement and will pay the costs of notice and settlement administration, out of the Settlement Fund. Class Counsel will request approval from the Court for attorneys' fees and

costs and expenses of this lawsuit, in addition to costs of notice and settlement administration, in an amount not to exceed 30% of the Settlement Fund. Plaintiff's counsel will not request additional fees or costs from Sharps Compliance, Inc. or the Settlement Class. Sharps Compliance, Inc. agrees not to oppose an award of fees and costs to Plaintiff's counsel of no more than 30% of the Settlement Fund.

27.     In the event that the judgment or the order awarding the fees and expenses paid to Class Counsel pursuant to paragraph 26 is reversed or modified, then Class Counsel shall, in an amount consistent with such reversal or modification, refund such fees, expenses and/or costs to the Settlement Fund within twenty (20) business days from receiving notice from Defendant's counsel or from a court of appropriate jurisdiction. Any refunds required pursuant to this paragraph shall be the sole obligation of Class Counsel, such that the failure of Class Counsel to make a required refund shall be the responsibility and obligation of Class Counsel.

28.     **Notice.** Defendant will provide Class Counsel with a list of the names and the last-known facsimile numbers and addresses of the members of the Settlement Class, according to its records ("Class List") within 14 days of entry of the Court's preliminary approval order. Defendant represents that it is not aware of any facsimile numbers to which Defendants sent facsimile advertisements during the class period without prior request or permission of the recipient other than those contained in the Class List. Class Counsel or their agent shall, within thirty (30) days of entry of the Preliminary Approval Order (as described in Paragraph 21), cause actual notice ("Mailed Class Notice"), in the form of Exhibit 1, to be sent to the Class Members by U.S. Mail First Class to all persons and entities that comprise the Settlement Class. Class Counsel shall use the Class List solely for purposes of providing the Mailed Class Notice and for administration of the settlement, or as otherwise authorized or required by the Court, and for no

10

other purpose whatsoever. Class Counsel agrees that it shall also post the full form of notice on its website, www.edcombs.com from the date of the Preliminary Approval Order until 120 days after all claims checks are issued. Class Counsel shall include with the Mailed Class Notice reference to the Sharps discount referred to in paragraph 12, above.

The fact that the Court may require non-substantive changes in the forms of notice does not invalidate this Settlement Agreement. The Class List, will be maintained by Class Counsel, in electronic form, until a date two years following the Effective Date of the Settlement Agreement. The parties may destroy documents generated in the notice process one year after the occurrence of the Effective Date (as defined in Paragraph 7).

29. **Preliminary Approval.** As soon as practicable after execution of this Agreement, the Parties shall make application to the Court to approve the Preliminary Approval Order, and enter a Preliminary Approval Order substantially in the form of Exhibit 2 which:

    a.        Preliminarily approves this Agreement;

    b.        Certifies the Settlement Class as defined in Paragraph 8 for settlement purposes;

    c.        Appoints Edelman, Combs, Latturner & Goodwin, LLC as Settlement Class counsel;

    d.        Schedules a hearing for final approval of this Agreement;

    e.        Approves Exhibit 1 hereto as notice to the Settlement Class, to be directed via the Mailed Class Notice to the Settlement Class members as shown in Defendant's records; and

    f.        Finds that the procedures for notice described herein and the other measures specified in Paragraph 26 are the only notice required and that such notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23.

30. **Final Approval.** At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, and no earlier than

after the expiration of 90 days from the preliminary approval of the settlement (as required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1711, *et seq.*), Plaintiff and Plaintiff's counsel, shall request that the Court enter a Final Order substantially in the form of <u>Exhibit 3</u>, approving the terms of this Agreement as fair, reasonable, and adequate, providing for the implementation of those terms and provisions, finding that the notice given to the Settlement Class satisfies the requirements of due process and Federal Rule of Civil Procedure 23, dismissing the claims of Plaintiff and the Settlement Class with prejudice and without costs, and directing the entry of a final order.

31.     The parties agree to request the entry of a final approval order substantially in the form of <u>Exhibit 3</u>. This Agreement is expressly conditioned upon the Court entering a final approval order substantially in the form of <u>Exhibit 3</u>. The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Agreement.

32.     The residual settlement fund shall be distributed to Class Members with valid, approved claims by Class Counsel only after the Effective Date and after: (i) all claims have been processed, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time for appeal has expired; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court and all appeals therefrom have been resolved or the time therefore has expired; and (iv) all costs of administration have been paid.

33.     **Termination.** Plaintiff or Defendant, through counsel, shall have the right to terminate the Settlement and this Agreement by providing written notice of their election to do so

("Termination Notice") to all other parties hereto within thirty (30) days of: (a) the Court's entry of a Preliminary Approval Order differing in any material respect from the attached <u>Exhibit 2</u>; (b) the Court's refusal to approve the Agreement or any material part of it; (c) the Court's entry of a Final Order differing in any material respect from the attached <u>Exhibit 3</u>; or (d) the date upon which the Final Order is modified or reversed in any material respect by the Court of Appeals or the Supreme Court, or otherwise does not become final.

34.     Except as otherwise provided herein, in the event the Settlement is validly terminated pursuant to the terms of this Agreement, then (i) the Parties shall be deemed to have reverted to their respective status in the Action immediately prior to the execution of the Settlement Checklist/Term Sheet dated June 20, 2011, and executed by the Parties; (ii) the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered; (iii) any portion of the Settlement Fund previously paid by Defendant or caused to be paid by Defendant, together with any income or interest earned thereon, less any taxes due with respect to such income and less costs of notice and administration actually incurred and, to the extent authorized herein, paid or payable from the Settlement Fund, shall be returned to the persons paying the same within ten (10) business days of receipt of the Termination Notice. In addition to this paragraph, paragraph 36 shall survive any termination of this Agreement.

35.     **Release of Attorneys' Lien.** In consideration of this Agreement, Plaintiff's counsel and Class Counsel hereby waives, discharges and releases the "Released Parties," as defined in paragraph 24(a) above, of and from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Plaintiff's counsel in connection with this Class Action Complaint, other than the amount awarded by the Court as specified above.

36. **No admission of wrongdoing.** This Agreement, whether or not consummated, and any proceedings taken pursuant to it:

a. shall not be invoked, offered, or received against any of the Released Parties as evidence of, or interpreted, construed as or deemed to be evidence of any presumption, concession, admission or finding by or against any of the Released Parties with respect to the truth of any fact alleged by the Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation;

b. shall not be invoked, offered, or received against any of the Released Parties as evidence of, or interpreted, construed as or deemed to be evidence of any presumption, concession, admission or finding of any breach of duty, liability, negligence, fault, misrepresentation, omission or any other wrongdoing, or in any way referred to for any fault, misrepresentation, omission or any other wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, in this action or in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

c. shall not be invoked, offered, or received against any of the Released Parties as evidence of, or interpreted, construed as or deemed to be evidence of any presumption, concession, admission or finding that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

d. shall not be invoked, offered, or received against any of the Released Parties in connection with any opposed motion for class certification (the Parties agree that the class certification, as provided in the attached Final Order, shall be for settlement purposes only);  and

e. shall not be invoked, offered, or received against Plaintiff or any of the Class Members as evidence of, or interpreted, construed as or deemed to be evidence of any presumption, concession, admission or finding that any of their claims are without merit, or that any defenses asserted by the Released Parties have any merit, or that damages recoverable under the Class Action Complaint would not have exceeded the Settlement Fund.

37. **Miscellaneous Provisions.** This Agreement shall be governed by and interpreted in accordance with the laws of Illinois.  Headings in this Agreement are for the convenience of reference and are not to be considered to be a part of this Agreement nor to control the meaning or interpretation of provisions of this Agreement.

38.     The parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement, and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein.  Whether or not this Agreement and the settlement contemplated hereunder are consummated, this Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Sharps Compliance, Inc. of any liability or wrongdoing whatsoever.

39.     The Parties intend the Settlement to be the final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Parties with respect to the Settled Claims.  Accordingly, Plaintiff and Defendant agree that the Action was filed, prosecuted, and defended in accordance with Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") and agree not to assert in any forum that the litigation was brought by Plaintiff or defended by Defendant in bad faith or without a reasonable basis.  The Parties hereto shall assert no claims of any violation of Rule 11 relating to the prosecution, defense, or settlement of the Action.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

40.     Nothing in this Agreement or the negotiation or proceedings relating to the Agreement is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity.

41.     **Claims Administration.**  Class Counsel agrees to act as Claims Administrator to process all claims submitted by the Settlement Class and to issue claims payment checks to Class Members with valid claims in accordance with this Agreement and as approved by the Court.

Class Counsel may retain a third party claims administration entity to perform claims administration and the reasonable expenses for claims administration shall be paid from the Settlement Fund. Except as provided in paragraphs 13 and 28, Defendant and Defendant's counsel shall have no responsibility for the administration of the Settlement and shall have no liability to the Class in connection with such administration. Defendant shall have access to all claims submitted and any other claims administration documentation upon request. Except as set forth in paragraph 28, Class Counsel or its agent shall retain all claims administration records for a period of four years (4) following the Effective Date.

42. **CAFA Notices.** Defendant will issue all notices required under the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, to the required parties, and Plaintiff shall cooperate in this process.

43. Notices and objections related to this Agreement and requests by Class Members to opt of the Settlement Agreement shall be sent to Counsel at:

Julie Clark                                             Jeffery Moore Cross
EDELMAN, COMBS, LATTURNER          Freeborn & Peters LLP
& GOODWIN, LLC                                 311 South Wacker Drive
120 S. LaSalle Street, Suite 1800           Suite 3000
Chicago, Illinois  60603                          Chicago, Illinois  60606
(312) 739-4200
(312) 419-0479 (FAX)
*Counsel for Plaintiff and the Settlement Class*          *Counsel for Sharps Compliance, Inc.*

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

44. Each and every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiff and the Settlement Class, and any of their successors and personal

representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

45.     The Parties hereby represent to one another that they have full power and authority to enter into this Agreement and carry out their obligations.   Defendant further represents that all necessary corporate action has been duly taken to authorize the execution and delivery of this Agreement and that this Agreement has been duly executed and delivered.

46.     The Parties respectively acknowledge that they have consulted with legal counsel of their choice before entering into and executing this Agreement.   Further, both Parties, through their respective counsel, either have or had the opportunity to participate in the drafting of this Agreement and agree that in construing the terms of this Agreement, the terms are not to be strictly construed against either Party.

47.     The foregoing constitutes the entire agreement among the signatories with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all signatories hereto (or their successors-in-interest), and approved by the Court.   No other representations, warranties, or inducements have been made by any party hereto concerning this Agreement other than those contained and memorialized herein.

48.     The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorney's fees and expenses to Class Counsel and enforcing the terms of this Agreement.

49.     Class Counsel represents that it is not aware of any current or prospective client or other person or entity which is contemplating in any way the prosecution of any claim against any of the Released Parties arising from or related in any way to the allegations, facts, events,

transactions, acts, or occurrences alleged or set forth in the Class Action Complaint. If any action or proceeding is instituted in any state or federal court by any Class Member asserting any Settled Claim prior to the Effective Date of the Settlement, Class Counsel shall cooperate with Defendant in obtaining the stay or withdrawal of any such action or proceeding, including, where appropriate, joining in any motion to stay any such action or proceeding pending the Effective Date. Upon the occurrence of the Effective Date, Class Counsel shall cooperate with Defendant in obtaining the dismissal or withdrawal of any such action or proceeding, including, where appropriate, joining in any motion to dismiss any such action or proceeding.

50.     The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of the Agreement.

51.     This Agreement may be executed in separate counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies, PDFs and facsimiles of executed copies of this Agreement may be treated as originals.

IN WITNESS WHEREOF, the signatories hereto, acting by and through their respective counsel of record, intending to be legally bound, have so agreed, on October 17, 2011.

DR. G. NEIL GARRETT, DDS, PC.                    SHARPS COMPLIANCE, INC.

On behalf of itself and the Settlement Class     _____

By: _GEORGE NEIL GARRETT DDS PRES_               By: _____
        [Print name & title]                              [Print name & title]

For Plaintiff's Counsel/Class Counsel            Approved as to form by Counsel:

Julie Clark                                      Jeffery Moore Cross
EDELMAN, COMBS, LATTURNER                        Freeborn & Peters LLP
& GOODWIN, LLC                                   311 South Wacker Drive
120 S. LaSalle Street, Suite 1800                Suite 3000
Chicago, Illinois 60603                          Chicago, Illinois 60606

19

IN WITNESS WHEREOF, the signatories hereto, acting by and through their respective counsel of record, intending to be legally bound, have so agreed, on October 17, 2011.

**DR. G. NEIL GARRETT, DDS, PC.**

_____
On behalf of itself and the Settlement Class

By: _____
      [Print name & title]

**For Plaintiff's Counsel/Class Counsel**

_____
Julie Clark
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603

**SHARPS COMPLIANCE, INC.**

_____

By: _DAVID P. TUSA, PRESIDENT_
      [Print name & title]
                   r
                  CEO

**Approved as to form by Counsel:**

_____
Jeffery M. Cross
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606

19