**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DR. G. NEIL GARRETT, DDS, PC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 10 C 04030 |
| v. | ) | |
| | ) | Judge Morton Denlow |
| SHARPS COMPLIANCE, INC., | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**FINAL APPROVAL ORDER**

1.      On October 24, 2011, this Court preliminarily approved the Class Settlement Agreement reached between Dr. G. Neil Garrett, DDS, PC ("Plaintiff") and Sharps Compliance, Inc. ("Defendant").

2.      In the Preliminary Approval Order, the Court approved a form of notice for the class. The Court finds that, pursuant to the Preliminary Approval Order and the Class Settlement Agreement, actual notice was sent by First Class U.S. Mail to Class Members. Of those 60,920 mailed notices, a total of 4,932 envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available, and 707 envelopes were returned with forwarding of which 693 were successfully re-mailed to a forwarding address. 19 Class Members have opted out of the settlement and no objections were filed or received. Class Members have submitted a total of 6,767 valid claims.

3.      On March 1, 2012, the Court held a fairness hearing to which Class Members, including any with objections, were invited. As part of the notice sent out to Class Members pursuant to the Preliminary Approval Order and the Class Settlement Agreement, Class

Members were notified of the date, time, and location for the fairness hearing and were also notified of their right to appear at the fairness hearing in support of or in opposition to class certification, the settlement, the award of Class Counsel's attorneys' fees and reimbursement of expenses, and the award of an incentive to the class representative. The Court, being fully advised in the premises, hereby orders:

      a.      The Court finds that the class covered by the Class Settlement Agreement, and previously certified by the Court is appropriate and properly certified under FED. R. CIV. P. 23.

      b.      The Court finds that the notice provided to the Class Members has been given in an adequate and sufficient manner and such notice constitutes the best notice practicable, satisfying the requirements of FED. R. CIV. P. 23 and due process under the federal and state constitutions, in all respects, including but not limited to the form of notice and the methods of identifying and giving notice to all of the Class Members.

4.      Taking into account the following factors, including (1) the strength of Plaintiff's case compared to the amount of Defendant's settlement offer, (2) the likely complexity, length, and expense of the litigation, (3) the amount of opposition to settlement among affected parties, (4) the opinion of competent counsel, and (5) the stage of the proceedings and the amount of discovery completed, the Court finds that the settlement is fair, reasonable, and adequate, and in the best interests of Plaintiff, the Class Members, and Defendant. The Court hereby approves the **CLASS SETTLEMENT AGREEMENT** submitted by the parties as fair, adequate, and reasonable, and in the best interests of Plaintiff, the Class Members, and Defendant, in all respects, including but not limited to the release and the payment by Defendant to create a

Settlement Fund of $350,000.00. The Parties are directed to carry out all terms of the Class Settlement Agreement as provided for therein. The Court further approves of the distribution of the Settlement Fund as follows:

    a.    Payment of **$6,250.00** to Plaintiff Dr. G. Neil Garrett, DDS, PC.

    b.    Payment of all costs and expenses of notice to the Class and administration of this Settlement Agreement in the amount of **$48,638.39.**

    c.    Payment of attorney's fees and costs to Class Counsel in the amount of **$105,000.**

    d.    The balance of the Settlement Fund, after payment of subparagraphs a-c of this Paragraph, shall be distributed *pro rata* among those members of the Class (excluding Plaintiff) who returned a duly executed claim form that was timely or otherwise specifically approved by the Court. Class members shall be paid by check void 90 days after issuance.

    e.    Any amount of the Settlement Fund that remains as undistributed, including all sums remaining in the Settlement Fund as the result of the failure of Class members to cash checks made payable to them within the time limits prescribed under subparagraph d, shall be paid as a *cy pres* distribution to the Loyola Institute for Consumer Antitrust Studies.

5.    As of the Effective Date, this Final Approval Order discharges and extinguishes any and all of the Settled Claims (as defined below and in the Class Settlement Agreement). Plaintiff and the Class Members grant Defendant the following release, as specified in the Class Settlement Agreement:

Plaintiff Dr. G. Neil Garrett, DDS, PC, and all Class Members other than those listed in Paragraph 6, below including each and every one of their respective past, present or future officers, members, shareholders, partners, employees, agents, representatives, attorneys (including but not limited to counsel for Dr. G. Neil Garrett, DDS, PC), heirs, beneficiaries, assigns, or any other person acting on their behalf or for their benefit, or any person claiming through them (collectively "Releasors"), hereby fully release and discharge: (1) Sharps Compliance, Inc. as well as its predecessors and successors in interest and present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, employees, shareholders, members and partners (with all the foregoing released parties in this paragraph being collectively referred to as the "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which Releasors now have, did have, or may have in the future against the Released Parties, or any of them, arising from or related to the sending of faxes by or on behalf of the Released parties during the period from and including May 24, 2006 through June 20, 2011, containing advertisements promoting Sharps Compliance, Inc. goods or services. Without limiting the generality of the foregoing, Releasors release the Released Parties of all claims that were made or that could have been made in this litigation.

6.      The following persons and entities have opted out of the settlement, and are hereby excluded from the Settlement Agreement:

CHIROPRACTIC FAMILY CLINIC; 38933 HARPER AVE, CLINTON TOWNSHIP, MI 48036

JAY BERGAMINI MD; 405 S MAIN ST, NAPERVILLE, IL 60540

COLORADO CHIROPRACTIC ASSN; 8751 E HAMPDEN AVE STE B7, DENVER, CO 80231

GENTRY VETERINARY CLINIC; 21499 W HWY 12, GENTRY, AR 72734

DAKOTA RIDGE CHIROPRACTIC; 11550 W MEADOWS DR STE E, LITTLETON, CO 80127

CHIROPRACTIC & NTRTN CLINIC; 311 E AIRPORT AVE STE A, BATON ROUGE, LA 70806

MONROE CHIROPRACTIC OFFICE; 1233 W MAIN ST, MONROE, WA 98272

TOTAL HEALTH OF VERO BEACH; 1965 14TH AVE, VERO BEACH, FL 32960

NICHOLE C ANDERSON DC PLLC; 3702 E 8 MILE RD, DETROIT, MI 48234

F STUART WALKER DDS; 915 E BROADWAY, MONMOUTH, IL 61462

BUFFALO DENTAL GROUP INC; 1000 HIGHWAY 25 S, BUFFALO, MN 55313

4

ANIMAL HOSPITAL OF WAYNESBORO; 1009 W MAIN ST, WAYNESBORO, VA 22980

TRACY G BAGWELL DR; 2227 DRAKE AVE SW STE 13, HUNTSVILLE, AL 35805

LIFE FAMILY CHIROPRACTIC CTR; 913 POST RD 2B, WELLS, ME 04090

DENISE M CERULLO; 1342 VICTORY BLVD, STATEN ISLAND, NY 10301

MAYNARD CHIROPRACTOR; 2934 NILES AVE, SAINT JOSEPH, MI 49085

ANIMAL HOSPITAL OF WATERFORD; 423 HIGH ST, WATERFORD, PA 16441

HILLENDALE ANIMAL HOSPITAL; 6839 LOCH RAVEN BLVD, TOWSON, MD 21286

ANACOSTIA NECK & BACK PAIN CTR; 2027 MRTN LTHR KNG JR AVE, WASHINGTON DC 20020

7.      Plaintiff and each and every Class Member, other than those listed in Paragraph 6, above, are hereby permanently enjoined from instituting or maintaining any claim that has been, might have been or may hereafter be asserted against the Released Parties for damages or any other form of relief, legal or equitable, arising from or in connection with the allegations pled in this litigation, including but not limited to claims based upon an allegation of violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, or state law.

8.      The Court finds the Class Settlement Agreement fair and made in good faith and not the product of fraud or collusion.

9.      The Court directs the Defendant to deliver sums equal to the Settlement Fund to Class Counsel, in accord with the terms of the Class Settlement Agreement.

10.     The Court orders Class Counsel to hold the Settlement Fund in trust until the Effective Date of the Settlement Agreement, as defined in Paragraph 7 of the Class Settlement Agreement. In the event that this Final Approval Order is withdrawn or vacated by this Court or an appellate court after the occurrence of the Effective Date, Class Counsel shall return the Settlement Fund to the Defendant within five (5) business days.

11.     Within five (5) business days after Class Counsel's deposit of the Settlement Funds has cleared, the counsel for the Parties shall file an agreed motion requesting entry of final judgment dismissing this litigation with prejudice and without costs (other than such costs payable from the Settlement Fund, as authorized by the Court as part of this Final Approval Order).

12.     Class Counsel shall distribute the Settlement Funds in accordance with the provisions of this Final Approval Order within 21 days of the occurrence of both (a) the Effective Date of the settlement, as defined in Paragraph 7 of the Class Settlement Agreement, and (b) satisfaction of all conditions set forth in Paragraph 32 of the Class Settlement Agreement.

DATE:  _April 23, 2012_                    ENTERED:  _Morton Denlow_

The Honorable Morton Denlow
United States District Judge